# GLENN A. GARBER, P.C.

350 BROADWAY, SUITE 1207, NEW YORK, NY 10013

ATTORNEYS AT LAW

TEL: 212-965-9370  FAX: 212-965-9375
WWW.GLENNGARBER.COM

GLENN A. GARBER
(ADMITTED IN NY & NJ)
ANGHARAD VAUGHAN
(ADMITTED IN NY & MA)

May 18, 2012

**By email ECF**
Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United States v. Canales (Nikolaos Antonakos)
      Dkt. No. 11 Cr. 676 (RJS)

Dear Judge Sullivan:

This letter is submitted in support of Mr. Antonakos's position on sentencing in the above referenced case. Sentencing is scheduled for Wednesday, May 30, 2012, at 4:00 p.m.

Mr. Antonakos pled guilty on February 22, 2012, pursuant to a plea agreement, to one count of conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B).

The underlying conspiracy lasted for approximately six months and essentially involved three mid-level drug dealers – Ismael Canales, Jonathan Rodriguez, Louis Medina, and their underlings. Pre-sentence Report (PSR) at ¶s 18-24. The purpose was to distribute cocaine and heroin to street level dealers. "Anotonakos acted on behalf of Rodriguez" (PSR at ¶ 21) and was only convicted of the cocaine part of the conspiracy. The statutory mandatory minimum sentence for Mr. Antonkos is 5 years.

Under the terms of the plea agreement, the government and the defense agree that the applicable sentencing guidelines range is 46 to 57 months.[1] Because this range falls below the

---

[1] The guidelines are calculated as follows:

    BOL 26 (500 grams to 2 kilograms of cocaine)
    Less 3 (Acceptance of Responsibility)
    -----------------------------------------------
    TOL 23 at CHC I = 46 to 57 months

mandatory minimum, the stipulated sentence rises above the guidelines to 60 months by operation of law.

For the reasons stated below, it is requested that the Court impose a 60-month sentence, the term recommended by the Probation Department.

A variety of factors exist in this case and are raised in the numerous letters submitted to the Court on Mr. Antonakos behalf that militate toward a 60-month sentence and a recommendation for the Residential Drug Abuse Program (RDAP) that could lead to a slight reduction of jail time.

Mr. Antonakos is described as a kind and loving person, with a big heart. Foremost, he is the father to 8-year old Dominque. As noted, Mr. Antonakos shares a special relationship with Dominique and plays a significant and positive role in her upbringing. He has stressed to her the importance of her education, involvement in sports, and making the right choices in life, despite his own transgressions. Prior to his incarceration, Mr. Antonakos took over the care of Dominique from her mother Victoria Joyce. During this time there was a marked change in Dominique's attendance record and scholastic accomplishments. Attached hereto please find Report cards and a Progress Report showing her improvement while under Mr. Antonako's care. Since Mr. Antonokos's incarceration, Dominique has been living with his mother and aunt, who have continued on the course started by Mr. Antonakos. Dominique is going threw her formative years and will undoubtedly suffer tremendously during her father's incarceration. Nevertheless, the quicker they reunite the better it will be for her development and well-being.

Mr. Antonakos suffers from anxiety and depression. PSR at ¶s 59-60. In 2008 he started taking Xanax. Since 2011, he has been under the care of Dr. Susan Tang, who has prescribed Clonazepan, an anti-anxiety medication. A copy of his prescription is attached hereto. Given Mr. Antonakos condition, incarceration has been and will continue to be an especially stressful experience for him. Due to the exceptional burden he will face in jail, it is urged that he spend no more time than necessary to achieve the need for deterrence and punishment. It is contended that a 60-month sentence is more than sufficient to satisfy these needs.[2]

Mr. Antonakos has a substance abuse problem. As documented in the PSR, he has abused marijuana, prescription medication and alcohol. PSR at ¶s 61-64. He also attended substance abuse counseling under the direction of Pre-trial Services. It is therefore requested that the Court recommend Mr. Antonakos for RDAP. The BOP will typically accept for RDAP inmates with a documented history of substance abuse as reflected in the PSR, as is the case

---

[2] It is also noteworthy that Mr. Antonakos spent approximately seven months on home detention prior to his remand when he entered his guilty plea. Although the court cannot credit him this period of pseudo-incarceration, it did constitute a substantial restriction of liberty and a form of punishment.

Honorable Richard J. Sullivan
May 18, 20012
-Page 3-

here. *See* 18 U.S.C. § 3621(e)(B). Moreover, assuming there is no history of violence or other ineligibility criteria, Mr. Antonakos should receive a reduction of his jail time for completion of the RDAP. To ensure his placement in RDAP and jail time credit Mr. Antonakos raises a relatively minor point in the PSR about his criminal history, but which may unfairly affect his sentence.

Antonakos has no criminal history points. However, Part B of the PSR entitled "Defendant's Criminal History," and more specifically the subsection "Adult Criminal Convictions," makes reference to a conviction for harassment in the second degree (at ¶ 45) and the underlying allegations, which includes a discussion about dismissed charges of assault and endangering the welfare of a minor (at ¶ 46). It is requested that these paragraphs be removed from the final PSR that will follow Mr. Antonakos to the Bureau of Prisons (BOP).

As correctly noted by the Probation Department, the harassment is excluded under U.S.S.G. § 4A.1.2(c). PSR at ¶ 45. And, while it has no impact on Mr. Antonako's criminal history score for sentencing purposes, the BOP may rely upon the information for prison or program placement, or to deny jail time credit under RDAP. Because harassment in the second degree is a violation and not considered to be a crime under New York law, *see* P.L. § 240.26, it is not an Adult Criminal Conviction and therefore probably should not be in the PSR. Moreover, the allegations about the assault and endangering were not substantiated. To leave a discussion about unproven allegations in the report can only lead to speculation that may unfairly taint BOP's discretionary decision making. Thus, it is requested that paragraphs 44 to 46 be excised from the PSR

As indicated in the many letters submitted for Mr. Antonakos, he comes from a tight-knit family and will be greatly missed. Of particular relevance is his relationship with his aged grandparents, both of whom he lived with during his childhood and who he maintains a close relationship. PSR at ¶ 49; *see also* Letters from Demitrios Antonakos and Angela Antonakos. His grandfather Demitrios is 92 and his grandmother Angela is 83. Demitrios and Angela were both devastated by the news of their grandson's arrest and impending prison sentence. Demetrios describes "Niko" as his best friend. In light of Demetrios and Angela's age and ailing health (*see* Letter from Dr. Goris describing their medical conditions), they may not survive Mr. Antonakos's sentence. It is urged for their sake and peace of mind in the twilight of their lives that the prison term imposed not be longer than necessary so they may see Mr. Antonakos again as a free man before they pass away.

Mr. Antonakos expresses great remorse for his criminal conduct, and has gone well beyond accepting responsibility. In his letter, drawing from his love and concern for his family and daughter Domique he demonstrates true insight into his behavior.

> What I was involved in had an effect on communities, families, and children. I was being selfish by causing negative effect. I am a son, husband, and most importantly a father. So I asked myself what if my actions touched my mother, father, wife and worse of all what if it touched my baby girl?

Notably, this theme is repeated in many of the letters from family and friends that relate discussions they had with Mr. Antonakos about his case and his apologies, embarrassment and remorse for this criminal conduct.

In addition to the above, Mr. Antonakos has shown that he is clearly capable of leading a law abiding and productive life after his incarceration. He attained his GED and has a history of employment, including working for with his father installing floors. PSR at ¶ 65, 70. (*See* GED Certificate attached). Moreover, while out on electronic monitoring and before his guilty plea, Mr. Antonakos diligently looked for more steady employment "on the books." To this end, he took training courses for fire and security guards. Attached please find Course Certificates.

In sum, it is requested that this Court impose a sentence of 60 months, recommend RDAP, make the suggested changes to the PSR and recommend that the BOP house Mr. Antonakos as close to the New York City area as possible so he can maximize his contact with family, friends and his daughter Dominique.

Thank you for your consideration.

Respectfully submitted,

Glenn A. Garber

Cc: Sarah E. Paul, AUSA
Johnny Kim, USPO