UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v.- | : | 11 Cr. 676 (RJS) |
| NIKOLAOS ANTONAKOS, | : | |
| Defendant. | : | |

------------------------------------------------------------x

THE GOVERNMENT'S SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Sarah Paul
Alvin Bragg
Assistant United States Attorneys
- Of Counsel -

The defendant is scheduled to be sentenced on May 30, 2012. The Government respectfully files this submission in advance of the sentencing and in response to the defendant's sentencing submission. Although the defendant's Guidelines range would otherwise be 46 to 57 months' imprisonment, the defendant faces a statutory mandatory minimum sentence of 60 months' imprisonment. The defendant therefore asks the Court to impose a sentence of 60 months' imprisonment, which is the stipulated Guidelines range set forth in the defendant's plea agreement (the "Stipulated Guidelines Range"). The Government agrees that a sentence within the Stipulated Guidelines Range would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

**A.     The Indictment and The Offense Conduct**

The Indictment charged the defendant and eight co-defendants with conspiring to distribute and possess with intent to distribute (i) five kilograms and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) one kilogram and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and (iii) 28 grams and more of a mixture and a substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). The Indictment charged that this conspiracy began at least in or about July 2010 and lasted until in or about July 2011. The defendant pled guilty to the lesser included offense of

conspiracy to distribute and possess with the intent to distribute 500 grams and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

As set forth in the Presentence Investigation Report ("PSR"), the investigation primarily involved (1) several controlled buys by an undercover agent and a confidential informant from Ismael Canales, the defendant's co-defendant, of more than 200 grams of cocaine, approximately 95 grams of cocaine base and ten grams of heroin; (2) numerous wiretapped, drug-related conversations, including statements by Antonakos about the prices of drugs and pressing drugs; and (3) execution of search warrants for the apartments of Canales, Jonathan Rodriguez, and two other co-defendants, Jose Medina and Javier Delarosa.  At the residences of Canales and Rodriguez, the agents recovered cocaine and crack cocaine, along with narcotics paraphernalia, including ledgers, scales, and drug presses.  The agents also recovered a gun from Canales' residence.  Antonakos's primary role in the conspiracy was to distribute drugs for Rodriguez, some of which Antonakos obtained from Canales.  (PSR ¶ 21.)

B.      **The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") found that the defendant's base offense level is 26, since the defendant is attributed with conspiring to distribute at least 500 grams but less than 2 kilograms of cocaine.  (Id. ¶ 33.)  The Probation Office deducted three points for acceptance of responsibility and, thereby, arrived at a final offense level of 23.  (Id. ¶ 42.)  These calculations were the same as the ones the parties agreed to in the defendant's plea agreement.

The Probation Office also determined that the defendant has zero criminal history points and is in Criminal History Category I.  (Id. ¶ 47.)  The parties reached the same determination in the defendant's plea agreement.[2]

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id.

---

[2] The defendant asks that paragraphs 44 to 46 of the PSR, which discuss a harassment violation he sustained that resulted in no criminal history points, be excised from the PSR.  The Government has no objection to this request, given that this offense was a violation, rather than a misdemeanor or felony conviction, and does not appear as a conviction on the defendant's rap sheet.

§ 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## B. A Sentence Within The Stipulated Guidelines Range Is Appropriate

The defendant engaged in a significant drug trafficking conspiracy, which spanned at least a year in length and involved at least 500 grams of cocaine. The defendant, on behalf of his co-defendant, Rodriguez, helped distribute large quantities of illegal narcotics to street-level dealers. While the Government is not aware of any specific acts of drug-related violence by the defendant, drug trafficking is inherently dangerous conduct. And here, a firearm was recovered during the search of the residence of the defendant's co-defendant, Canales, from whom the defendant also obtained narcotics to distribute. Accordingly, the harm done to the public from the defendant's drug trafficking activity is significant. The Government thus respectfully

suggests that a sentence within the Stipulated Guidelines Range of 60 months' imprisonment is warranted to deter the defendant from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Stipulated Guidelines Range of 60 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Sarah Paul/Alvin Bragg
Assistant United States Attorneys
Tel.: (212) 637-2326/1085